PER CURIAM.
In order to effect an orderly transition of the courts under the newly adopted judicial amendment to the Constitution of Florida, Article V, F.S.A., it is necessary to promulgate certain temporary rules as an emergency matter.
In order to secure a true inventory of the case load of the Florida Judiciary, it is necessary that inactive cases be dismissed, but there is no rule of procedure authorizing such dismissals. Probate judges throughout Florida, under the leadership of Judge Harold R. Clark, Jacksonville, have suggested a rule to accomplish this purpose. The following rule, appended to this order, is hereby adopted as Transition Rule 14, to become effective immediately upon filing with the Clerk of this Court. We dispense with the right of filing a petition for rehearing, as the matters contained in the Rule have been fully considered by the Court and it is necessary for such Rule to have an immediate effect.
TRANSITION RULE 14. CLOSING INACTIVE PROBATE GUARDIANSHIP AND TRUST CASES.
(a)All probate and guardianship proceedings in which it affirmly appears that no action has been taken by filing of petitions, accountings, orders of court or otherwise for the periods indicated may be terminated by the Court on its own motion after reasonable notice to the personal representative or his resident agent, his attorney, and one or more of the interested parties, unless a party shows good cause in writing at least five days before the hearing why the proceeding should remain pending:
Status Last Action
No letters issued, or guardianship of person only, and caveats 1 year
Letters issued, indicated value is:
Less than $2,500 l year
$2,500 to $10,000 3 years
Over $10,000 10 years
Any caveat having been on file for a period of 3 years or more may be dismissed without notice.
(b) The “indicated value,” for the purpose of this rule, is an estimate of the value of the estate, or the remaining assets properly accounted for, as shown by the petition, inventory, appraisal or account-ings.
(c) A schedule of cases being closed may be included in a single order. The schedule should show the case number, style, personal representative, attorney and the indicated value. In lieu of placing a copy of the order in each file, an appropriate entry of the termination may be made by endorsement or rubber stamp on each file jacket or cover and on the progress docket.
(d) Proceedings pending without action for 20 years or more may be terminated without notice, except that the order and the schedule of cases closed thereby shall be posted for a reasonable period of time in a prominent place in the courthouse and brought to the attention of the attorneys in the county by such means as may be available to the Court.
(e) No further filing fees shall be required or collected by the Clerk for the entry of orders of dismissals pursuant to this rule. These estates shall be closed in accordance with the fee schedule in effect on January 1, 1972.
(f) All pending probate, guardianship and testamentary trust cases not terminated by this rule remaining inactive for one year or more should be reviewed by the Court semiannually and action taken by the *426 Court to have each case brought current or closed, including when appropriate, the reduced allowance or denial of fees and commissions, removal of the personal representative and appointment of a successor personal representative and contempt proceedings.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.